PHILIP HANAU, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Negligence — injury to an old man by the starting of a street car, which he was boarding — a charge, " Is it reasonable to believe that a man of this age would run after a car and try to board it?" is improper.*

In an action brought to recover damages for personal injuries sustained by the plaintiff, a man seventy-seven years of age, in consequence of the fact, as stated by him, that while he was attempting to board one of the defendant's street cars in the city of New York the car started and threw him into the street, it is improper for the court to charge, "Is it reasonable to believe that a man of this age would run after a car and try to board it? You can ask yourselves the question whether people do that sort of thing in the City of New York."

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of May, 1904, upon the verdict of a jury for $3,150, and also from an order entered in said clerk's office on the 11th day of May, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Bayard H. Ames,* for the appellant.

*John M. Stearns,* for the respondent.

INGRAHAM, J.:

The plaintiff, seventy-seven years of age, testified that he attempted to board one of the cars of the defendant on Third avenue, between

One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets, in the city of New York; that the car was at a standstill; that he put his foot on the car, when the car started and threw him upon the street. The plaintiff's testimony was entirely uncorroborated and was contradicted by two employees of the defendant, and a member of the fire department, who was a passenger on the car. The court submitted the case to the jury who found a verdict in favor of the plaintiff. It is a serious question whether the verdict is not against the weight of evidence. There is, however, one portion of the charge to the jury which possibly explains this verdict, which was excepted to and which requires us to order a new trial. The learned trial court called the attention of the jury to the fact that the plaintiff was an interested witness and was not corroborated by any direct evidence and then continued: "We may draw the reasonable inferences which as reasonable men of the world we are apt and accustomed to draw and put them alongside of or connected with the facts proved and say whether the story is probable, is reasonable, or improbable or impossible. Each side asks you to draw an inference. The plaintiff says: Is it reasonable to believe that a man of this age would run after a car and try to board it? You can ask yourselves the question whether people do that sort of thing in the City of New York." Counsel for the defendant excepted, saying: "We except to that portion of your Honor's charge wherein you say, when speaking in relation to the conductor's starting the car before the passenger was fully on, that the jury may draw the inference from their own daily experiences whether these things do occur or not in the City of New York in their daily travel." Counsel for the plaintiff then said, "Your Honor used no such language as that. The Court: I heard what Mr. Wellman said," whereupon the question was submitted to the jury. While this statement of the counsel for the defendant did not reproduce exactly what the court said, still it is quite clear that counsel intended to except to this portion of the charge to which we have referred. The attention of the court was expressly called to that portion of the charge, and I think it was clearly error to allow the jury to consider what they thought people did in the city of New York in deciding the case. The jury were instructed that they would ask themselves the

question whether people do that which the witnesses testified that the plaintiff did. We cannot tell what influence this had on the jury, but it might well be that the jury would consider that people in New York did not run after these street cars and that the story told by the witnesses for the defendant was not, therefore, a true account of the transaction. The plaintiff was the person most interested in the result of the trial. The two employees of the defendant who testified on its behalf had not the same interest in the result that the plaintiff had, and the testimony of the member of the fire department, a passenger upon the car and who saw the accident, directly contradicts the plaintiff's account of the accident. Where the jury in this state of evidence decides in favor of the uncorroborated story of the plaintiff, if there is substantial error in submitting the case to the jury we are obliged to order a new trial.

It follows that the judgment and order appealed from must be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and MCLAUGHLIN, J., concurred; PATTERSON and LAUGHLIN, JJ., concurred on the ground that the verdict is against the weight of evidence.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.